In re KALDENBERG.

(District Court, S. D. New York. December 5, 1900.)

BANKRUPTCY—CLAIMS—SUFFICIENCY OF PROOF.

> The testimony of an agent that he presented a bill for goods, on behalf of his principal, to a bankrupt, who admitted its correctness, and promised to pay it, is not alone sufficient to establish a claim therefor against the estate of the bankrupt, where the latter denies both the purchase of the goods, and the promise to pay, and the circumstances tend to corroborate him, rather than the claimant.

In Bankruptcy.

H. B. Kinghorn, for bankrupt.
Fluegelman & Bach, for Vassas Freres.

BROWN, District Judge. Some further testimony has been taken in this case, and upon all the evidence I do not think that the claim of Vassas Freres for goods alleged to have been sold and delivered to the bankrupt in 1894, to the amount of 652 francs, or $130, is sufficiently established. The debt is denied by the bankrupt, and there is no evidence to sustain it except the statement of one witness, Mr. Robinson, who in 1896 was the agent of Vassas Freres, that the bankrupt at that time promised to pay it. This alleged promise is not supported by any corroborating circumstance. Robinson knew nothing about the goods themselves or any order, sale or delivery of them. He was not in the employ of Vassas Freres until more than a year after the alleged sale, and on his examination he stated that he had no personal knowledge of the transaction. The credit to be given him in contradiction of the bankrupt's statements is somewhat shaken by the fact that notwithstanding his present testimony that he had no personal knowledge of the transaction, the witness, in a complaint in an action brought a few months before this testimony against the bankrupt in the city court of this city by Vassas Freres to recover this same debt, made the verification to the complaint, in which he swore "that the facts therein stated are within the personal knowledge of deponent." Among the statements in the same complaint was the further statement that the bankrupt at the time of the alleged sale, namely, on February 19, 1894, was trading under the firm name and style of F. J. Kaldenberg & Co., whereas the other proof shows that that concern had gone into the hands of a receiver

10 months previous. The bankrupt testified that since that time he had been in no business except as clerk; that at about the time of the alleged sale he had been sick and at the hospital for several months; that he himself knew nothing whatsoever in regard to the goods and had never promised to pay for them. From his testimony concerning his conversation with Mr. Duchon it would also seem that the goods had been sent as samples in furtherance of desired trade, and in view of the fact that the complaint above referred to states that the defendant was trading under the name of F. J. Kaldenberg & Co., there would seem to be little doubt that no goods were sent except to the company.

On the part of the creditor there is absolutely no proof of any order or request for the goods or of the receipt of them by any one or of their amount or value. The proof shows that the bankrupt before the appointment of the receiver had some independent private business of his own and he was subsequently clerk for the Kaldenberg Pipe Company, which also bought some goods of Vassas Freres, which the bankrupt testified were paid for. There was a paper called by Robinson a bill of the goods, but apparently only a leaf from a letter press copy book, page "491," forming part of a letter. It contained only the bankrupt's name and certain items amounting to 652.94 francs, and it was offered in evidence as a copy of a bill of the goods delivered by Robinson to the bankrupt. This paper was rejected at the time it was offered, but was afterwards apparently admitted. There is nothing in the record on the subject afterwards to justify its admission. It however proves nothing. It does not purport to be either an invoice or a bill. It bears date New York September 17th without any year, it has no signature, no "Dr.," and does not purport to charge any one. If it was a letter, it is certainly incomplete. The complaint states that the sale was on February 19, 1894, while this paper has only the date September 17th. In his first statement of his conversation, Robinson says Kaldenberg said the bill did not belong to him, but he would pay it; in his second version he says Kaldenberg said the bill did belong to him personally and he would pay it. He did pay, Robinson says, a company bill, but not this one, because he had no money. But the company was under a receivership, and paid only 2 per cent. dividend. Nothing would seem more improbable than that Kaldenberg should pay the bill of a defunct company and leave his own unpaid.

In Law v. Merrills, 6 Wend. 268, 277, the chancellor observes:

"Evidence to establish a fact by the confession of the party, should always be scrutinized and received with caution as it is the most dangerous evidence that can be admitted in a court of justice and the most liable to abuse." 1 Greenl. Ev. § 200; Borland v. Zittlosen (D. C.) 27 Fed. 131, 134.

Now that parties are witnesses on their own behalf, contradictions as to such conversations are of daily occurrence, and the distrust of such evidence when denied and uncorroborated is none the less. The fact that Kaldenberg was not in business for himself after the company's failure in 1893, and was in the hospital for some months as he states, coupled with Kaldenberg's explicit denial of this alleged debt, and the failure of Vassas Freres to prove

any request or order for the goods, or any copy of any contemporaneous invoice, bill, or letter, satisfies me that whatever Mr. Robinson may have thought or understood, there was never any individual debt of the bankrupt for these goods, and that the claim should be rejected.